## PEOPLE *v.* FARGO

CRIMINAL LAW—PLEADING—PLEA OF GUILTY—VACATION OF PLEA.
A convicted defendant no longer enjoys the presumption of innocence and he has the burden of showing something more than technical noncompliance with court rules in order to vacate a guilty plea.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 2 March 3, 1970, at Lansing. (Docket No. 7,073.) Decided March 30, 1970.

Mark Gregory Fargo was convicted of unauthorized use of an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief of Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 506.
Withdrawal of plea of guilty and substitution of plea of not guilty after conviction. 146 ALR 1430.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. This case is submitted on the people's motion to affirm pursuant to GCR 1963, 817.5(3). Represented by counsel, defendant pled guilty to unauthorized use of a motor vehicle contrary to MCLA § 750.414 (Stat Ann 1954 Rev § 28.646). Following denial of his motion to withdraw the plea and vacate sentence, defendant appeals as of right.

Defendant argues that the trial court failed to determine with a reasonable degree of certainty whether he committed the offense charged. A review of the transcript reveals that the trial court fulfilled its responsibilities under GCR 1963, 785.3 (2). Moreover, it is well settled that a convicted defendant no longer enjoys the presumption of innocence, and he has the burden of showing something more than technical noncompliance with the court rules in order to vacate a guilty plea. *People v. Nelson* (1969), 18 Mich App 177.

The motion to affirm is granted.